16-3780-ag
Yu v. Sessions

BIA
Maury, IJ
A205 407 815

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                  *Circuit Judges,*
          LEWIS A. KAPLAN,
                  *District Judge.**

-----------------------------------------------------------------------

YAN QING YU, AKA YAN QUIN YU
          *Petitioner*,

          v.                                        No. 16-3780-ag

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
          *Respondent*.

-----------------------------------------------------------------------

APPEARING FOR PETITIONER:    JOSHUA BARDAVID, New York, New York.

APPEARING FOR RESPONDENT:    VANESSA M. OTERO, Trial Attorney (Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director, *on the*

----

*Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

*brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yan Qing Yu, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Yu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Yan Qing Yu,* No. A205 407 815 (B.I.A. Oct. 14, 2016), *aff'g* No. A205 407 815 (Immig. Ct. N.Y.C. June 26, 2015). Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions *de novo* and its factual findings for substantial evidence, *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013), under which standard "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

To obtain asylum, Yu was required to demonstrate past persecution or a well-founded fear of future persecution on account of her religion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1158(b)(1)(B)(i). Although Yu could have carried her burden through her testimony alone, where, as here, "the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such

evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* § 1158(b)(1)(B)(ii). We accord "substantial deference" to an IJ's determination that corroborating evidence was reasonably available to the applicant. *Liu v. Holder*, 575 F.3d 193, 197–98 (2d Cir. 2009). Corroboration "typically includes both evidence of general country conditions and evidence that substantiates the applicant's particular claims." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).

Yu assigns error to the agency's conclusion that she failed to corroborate her claims, arguing that the IJ did not consider a letter from her father, Tan Lin Yu; a letter from her friend, Xue Xian Wu; and a State Department International Religious Freedom Report on China. The government contends that Yu's argument is barred by her failure to identify this evidence before the BIA. Alternatively, the government argues that the IJ did consider such evidence, and appropriately found that it did not corroborate her claims. We conclude that (1) Yu is not procedurally barred and (2) remand is warranted in light of the IJ's failure to articulate whether the identified evidence was corroborative.

1. Exhaustion

Title 8 U.S.C. § 1252(d)(1) states that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" We have construed § 1252(d)(1) to impose a jurisdictional bar where an alien fails to raise before the BIA the denial of a "*categor[y] of relief.*" *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–19 & n.18 (2d Cir. 2007) (emphasis in original); *see Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (holding that exhaustion requirements of § 1252(d)(1)

3

preclude petitioner from raising "whole new *category of relief* on appeal") (emphasis in original). This "statutory exhaustion" requirement "admit[s] of no exceptions." *Zhong v. U.S. Dep't of Justice*, 480 F.3d at 118 n.17.

Section 1252(d)(1) also precludes this court from considering new issues and arguments not raised in the first instance before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring petitioner "to raise issues to the BIA in order to preserve them for judicial review"); *accord Gill v. INS*, 420 F.3d at 86. Although such "issue exhaustion" is "mandatory," it is not jurisdictional, and, thus, is subject to government waiver. *Zhong v. U.S. Dep't of Justice*, 480 F.3d at 107, 120.

Although § 1252(d)(1) "bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below," it does not preclude "specific, subsidiary legal arguments, or arguments by extension, that were not made below." *Gill v. INS*, 420 F.3d at 86; *see id.* ("[A] petitioner is [not] limited to the exact contours of his argument below."). Nevertheless, a petitioner must assert more than "generalized protestations" that removal is improper to satisfy § 1252(d)(1)'s mandatory issue exhaustion requirement. *Foster v. INS*, 376 F.3d at 78; *see Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008) ("[T]o preserve an issue for review by this Court, the petitioner must not only raise it before the BIA, but do so with specificity.").

Applying these principles here, we conclude that the government's jurisdictional challenge is without merit. Yu pursued three *categories* of relief before the IJ: asylum, withholding of removal, and CAT relief. She appealed the denial of all three categories to the BIA and to this court. Thus, she satisfied the statutory exhaustion necessary for

4

jurisdiction. *Cf. Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (concluding petitioners' failure to challenge IJ's denial of CAT relief before BIA "deprives us of jurisdiction"). The only question presented is whether she preserved before the BIA a particular legal argument: the adequacy of her corroboration.

Yu does not dispute that she did not specifically alert the BIA to the particular evidence that she here maintains corroborated her claims. Rather, Yu contends that she "appr[i]sed the Board of the issue of corroboration" generally, such that, she may now raise the "'subsidiary legal argument[]'" that the IJ overlooked the evidence she highlights in this court. Petitioner Br. at 32 (quoting *Gill v. INS*, 420 F.3d at 86). We agree.

It does appear that throughout her brief to the BIA, Yu argued that she had sufficiently corroborated her claims. *See*, *e.g.*, Petitioner BIA Br. at 1 (identifying as one of three issues presented whether she established eligibility for relief "through independent corroborative evidence"); *id.* at 4–5 (stating claims corroborated by "background evidence"); *id.* at 11 (listing "substantial evidence," including Wu letter, corroborating her claims). Thus, because her citation to particular corroborative evidence here serves the corroboration argument she advanced more generally below, the former can reasonably be deemed subsidiary to, or an extension of, the latter. *See Gill v. INS*, 420 F.3d at 86. Although we have held specific arguments raised for the first time before us barred where a petitioner below sought only "any . . . available relief," *Foster v. INS*, 376 F.3d at 76, Yu's argument to the BIA was not so general or vague. She specifically challenged the determination that she did not come forward with corroboration, and here simply cites

5

evidence supporting that challenge. We conclude that under the circumstances of this case, Yu adequately exhausted the corroboration issue she here pursues.

## 2. The IJ's Consideration of Evidence

Although we have "reject[ed] any implication that . . . [an IJ] must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), we do "require some indication that the IJ considered material evidence supporting a petitioner's claim," *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005); *see Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir. 2005). The agency's failure to consider "relevant evidence" may, in some circumstances, require remand. *Chen v. Gonzales*, 417 F.3d at 272; *see Yang v. BIA*, 440 F.3d 72, 73–74 (2d Cir. 2006) (holding IJ erred by failing to address "evidence specifically indicating that petitioner's church had been destroyed"); *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) (remanding where IJ and BIA failed to consider "significant aspect" of petitioner's testimony); *Alvarado-Carillo v. INS*, 251 F.3d 44, 49 (2d Cir. 2001) (granting petition, in part, for failure to consider proffered documentary evidence). This is particularly so where the unaddressed evidence concerns conditions in the alien's native country. *See Wang v. BIA*, 437 F.3d at 275 ("[T]he BIA abuses its discretion if it fails completely to address evidence of changed country conditions offered by a petitioner."); *Poradisova v. Gonzales*, 420 F.3d at 79–81; *Chen v. Gonzales*, 417 F.3d at 272.

Here, Yu's assertion that the IJ failed to consider the Wu letter is belied by the record. The IJ identified a "conflict in the evidence" as to when Yu and Wu met and Wu's

6

efforts to convince Yu to attend church. CAR 55. Although the IJ did not explicitly mention the Wu letter, it was clearly the source of the "conflict" with Yu's testimony, and, thus, was necessarily considered by the IJ.

We reach a different conclusion, however, for the other two items of evidence: Yu's father's letter and the State Department report. The IJ's decision merely notes that they were marked as exhibits at the hearing. The IJ never analyzed whether these documents corroborated or, like the Wu letter, conflicted with, Yu's testimony. Indeed, the IJ did not identify what weight, if any, he assigned to these documents, despite noting how much weight he gave to other evidence in the record. *See* CAR 54–55 (giving no weight to Lin testimony or letter from pastor of Church of Grace to Fujianese). In short, there is very little "indication that the IJ considered" this evidence at all. *Poradisova v. Gonzales*, 420 F.3d at 77. Rather, there is a real probability that this evidence, which appears to corroborate Yu's claims, was ignored, which would be error.

The government argues that the IJ did consider the evidence, relying on the "presum[ption] that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The presumption is unwarranted here precisely because the IJ took care to reference every other item of evidence and to indicate whether it was or was not entitled to any weight. This is not to fault the IJ for his diligent review of the other evidence. It is simply to explain why the failure to make any mention of seemingly corroborative evidence in reaching a conclusion that Yu did not corroborate her claims raises an oversight concern. As the BIA affirmed the no-corroboration conclusion without

knowing the extent to which the identified evidence factored into the IJ's corroboration analysis, we are precluded from conducting a meaningful review. *See Poradisova v. Gonzales*, 420 F.3d at 77 ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Accordingly, remand is warranted for the BIA to return this case to the IJ.

Two additional agency errors further support remand. First, the IJ found that Yu testified that she did not offer documents corroborating her arrest because it would have been "futile" to obtain such documents from the Chinese police. CAR 55. The record does not support this characterization of her testimony, nor does it show that the IJ offered Yu an opportunity to explain why she did not obtain such corroboration. Moreover, even if Yu had testified as to the futility of obtaining documentation of her arrest, the IJ should have considered whether requiring such corroboration is reasonable, as "asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005) (internal quotation marks omitted).

Second, the BIA upheld the IJ's decision, in part, based on Yu's failure to provide corroboration in the form of "statements from persons who were arrested with her." CAR 4. However, the record does not show that the IJ found such statements to be available. Because the BIA appears to have implicitly made such a finding of fact on its review, *see* 8 C.F.R. § 1003.1(d)(3)(iv), Yu necessarily did not have an opportunity to explain her failure to procure statements from co-arrestees. *See Cao He Lin v. U.S. Dep't of Justice*,

428 F.3d at 405 ("[A]n IJ has an obligation to ensure that documentation is available before relying on the applicant's failure to produce it.").

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
